IN THE MATTER OF THE ESTATE OF JULIA SIMON, DECEASED.

—————

VICTOR RACZ, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF JULIA SIMON, DECEASED, RESPONDENT, v. MIHALY BARSCIK, ET AL., BENEFICIARIES UNDER THE LAST WILL AND TESTAMENT OF JULIA SIMON, DECEASED, APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued June 23, 1952—Decided July 3, 1952.

Before Judges McGEEHAN, JAYNE and GOLDMANN.

*Mr. William Rossmoore* argued the cause for appellants (*Messrs. Gross & Blumberg,* attorneys; *Mr. Morton Stavis,* of counsel).

No appearance for respondent.

The opinion of the court was delivered by

JAYNE, J. A. D.  One Julia Simon, who had executed her last will and testament on July 12, 1947, died a resident of Passaic County, New Jersey, on March 27, 1948.  Her will was admitted to probate and on December 2, 1948, the executor therein named duly qualified and assumed the administration of the decedent's estate.  Among others, Elizabeth G. Nagy, a resident of the People's Republic of Rumania, Mihaly Barscik, Laszlo Barscik, Terez Barscik, Rosa Simon Toth, Julia Simon Hargitai, and Ferenc Simon, residents of the People's Republic of Hungary are, if living, beneficiaries of the testatrix.

At an appropriate stage in the administration of the estate an application was made on behalf of those beneficiaries to the Passaic County Court, ·Probate Division, for an order of distribution.  Powers of attorney were presented to the court purporting to have been executed by the named beneficiaries authorizing the Consular Section of the legations of the People's Republic of Rumania in ·Washington, D. C., U. S. A., in the case of Elizabeth Nagy, and of the People's Republic of Hungary in Washington in the case of the others, to appear for them in these proceedings and receive for each of them his or her distributive share of the decedent's estate.

The County Court resolved that:

"3. The present application made on behalf of the beneficiaries, Mihaly Barscik, Laszlo Barscik, Terez Barscik, Rosa Simon Toth, Julia Simon Hargitai, Ferenc Simon, residing in Hungary, and of Elizabeth G. Nagy, residing in Roumania, that their distributive shares be paid over pursuant to powers of attorney respectively to the Consular Section of the Legation of the People's Republic of Hungary and to the Consular Section of the Legation of the People's Republic of Roumania is denied."

In pursuance of the power conferred upon the court by *L.* 1940, *c.* 148, *p.* 315; *N. J. S. A.* 3:26–18, now *N. J. S.* 3*A*:25–10, it concluded its order as follows:

"The Executor is Ordered and Directed to pay over to the Surrogate of Passaic County, as the Clerk of this Court, the distributive shares of Mihaly Barscik, Laszlo Barscik, Terez Barscik, Rosa Simon Toth, Julia Simon Hargitai, Ferenc Simon, and Elizabeth G. Nagy, after deducting therefrom the commissions and fees allowed, which monies shall be held for their benefit and to be paid out by said Surrogate only by the special order of the Court, at such future time and upon such proof that will show that said distributees will receive the benefit, use and control of the funds without confiscation or substantial diminution."

We are now asked to annul the order of the County Court in so far as it denied the application made on behalf of the aforementioned beneficiaries for immediate distribution to them of their respective shares of the estate and directs the retention of the funds. The executor occupies a position of silent neutrality.

Counsel advocating the reversal of the order in the respects mentioned projects the question whether our statute which bestows the power exercised by the County Court must not give way where it is in conflict with the existing treaties between the United States and the Republics of Rumania and Hungary.

We may pause to comment that while the treaties provide that a consular officer of either contracting party may in behalf of his non-resident countrymen appear and advocate their rights, and may receipt for their distributive shares derived from decedents' estates and other sources, yet our attention has not been invited to any treaty provision which obliges the courts of either country to direct the payment of such distributive shares. The statute is entitled: "An Act authorizing the withholding of legacies, distributive shares and trust funds in certain cases." *Vide, Simoni v. D'Ippolito,* 8 *N. J.* 271 (1951).

However, rudimentary considerations confront us. The order sought to be reviewed was entered on December 8, 1951.

Notice of this appeal was not filed until January 22, 1952. No application for leave to appeal was requested or granted. Our Supreme Court has determined that an order entered in pursuance of this statute is not a final judgment but interlocutory in character. *In re Url*, 5 *N. J.* 507, 512 (1950).

The appeal is dismissed.